**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:24-CV-01440-ELR |
| v. | ) ) | |
| ETHOS TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**ETHOS TECHNOLOGIES INC.'S MOTION TO DISMISS PLAINTIFF'S**
**COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Ethos Technologies Inc. ("Ethos"),[1] by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7), respectfully submits this Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in Support Thereof, because Plaintiff fails to state a claim against Ethos upon which relief can be granted and because Plaintiff has failed to join a required party, The Trucking Angels, LLC ("The Trucking Angels"). In support, Ethos states as follows:

---

[1] The Complaint incorrectly refers to Ethos as "Ethos Technologies, Inc.," but Ethos's correct corporate name does not include a comma.

1

## **INTRODUCTION**

Plaintiff alleges that an individual affiliated with a business called "The Trucking Angels" sent Plaintiff two text messages offering to help Plaintiff "get up and running" in the trucking industry.  Compl. ¶ 22.  Based on those two text messages, Plaintiff filed this putative class action lawsuit alleging violations of the Telephone Consumer Protective Act ("TCPA").  But Plaintiff did not bring this lawsuit against The Trucking Angels or the individual that sent the text messages. Instead, Plaintiff sued Ethos, which is a technology company in the life insurance sector.  The text messages, however, do not mention Ethos, and the Complaint does not allege that Ethos authorized or even knew about the text messages or that Ethos had any relationship or communications whatsoever with The Trucking Angels or the individual that sent the text messages.  The text messages do not even reference life insurance, the business in which Ethos operates.  The sole allegation regarding Ethos is that if someone were to visit the website mentioned in the text messages— www.truckingangel.com—that person may then be able to find a link to Ethos's website (among many other website links).  Notably absent from the Complaint are *any facts* concerning conduct allegedly taken by Ethos related to the two text messages sent by The Trucking Angels.

Based on these entirely insufficient allegations, Plaintiff attempts to bring a claim under the TCPA against Ethos.  If this were sufficient to create liability for Ethos, then there would be no end to the reach of Plaintiff's misguided reading of the TCPA, as any text message could create liability for any unrelated third party. But courts within this circuit and elsewhere have repeatedly rejected this theory.

Although the Complaint does not indicate whether Plaintiff intends to invoke direct or vicarious TCPA liability against Ethos, Plaintiff has failed to state a claim on either ground.  Plaintiff cannot demonstrate that Ethos is directly liable under the TCPA because the allegations in the Complaint show that another individual or entity, not Ethos, physically sent the text messages to Plaintiff.

The Complaint likewise fails to state a claim of vicarious liability because Plaintiff's allegations do not support a finding of agency between Ethos and the sender of the texts.  *First*, there are no facts to support the key component of actual authority:   Ethos's exercise of control over the sender.   To the contrary, the Complaint merely alleges that an individual claiming to be a truck driver and having no apparent association with Ethos (and certainly not one pleaded by Plaintiff) sent two text messages to Plaintiff that made no mention of Ethos or even of life insurance products offered by Ethos.  Plaintiff does not allege that Ethos took any steps whatsoever to direct the content or recipients of the text messages, or that Ethos even

authorized them to be sent.[2]  *Second*, there are no facts supporting the essential element of apparent authority:  a manifestation from Ethos to Plaintiff creating the reasonable belief that the sender was Ethos's agent.  The Complaint alleges ***no communications*** by Ethos to Plaintiff, and any alleged representations from the sender to Plaintiff (which are also not pleaded) cannot create apparent authority. *Third*, there is no basis to find that Ethos ratified the sending of the text messages to Plaintiff because the Complaint does not even allege that Ethos knew about the text messages, much less took conduct to assent to them.

In short, the Complaint alleges no facts even remotely approaching what is required to state a plausible TCPA claim against Ethos.  The Court should grant Ethos's Motion to Dismiss and admonish Plaintiff's counsel against filing further TCPA claims against Ethos that lack even basic factual support.[3]

---

[2] Indeed, if Ethos had authorized the sending of the text messages at issue to market its insurance products, it would have had a commercial interest in directing that Ethos or its products be mentioned in the text messages.  The absence of any reference to Ethos or its products underscores the implausibility of Ethos having any control over the content or recipients of the text messages.

[3] This case is not the first time this plaintiff's counsel has filed a baseless TCPA class action against Ethos.  Just last year, the same plaintiff's counsel brought a TCPA lawsuit against Ethos in the Eastern District of Pennsylvania based on text messages sent by a third party.  Immediately after Ethos filed a motion for judgment on the pleadings establishing that there was no agency relationship between Ethos and the third party, the plaintiff voluntarily dismissed the claims against Ethos with prejudice.  *See Shelton v. Nandyprotectingfamilies, LLC*, Case No. 2:23-cv-01698-

4

As an additional matter, Plaintiff has failed to join The Trucking Angels as a party to this action in violation of Federal Rule of Civil Procedure 19. The facts alleged in the Complaint plainly show that the text messages were sent to Plaintiff by someone affiliated with The Trucking Angels (and not with Ethos). Compl. ¶¶ 22, 24. Plaintiff's failure to join The Trucking Angels constitutes a further basis for dismissal.

## FACTUAL ALLEGATIONS

Plaintiff is a serial TCPA litigant who has filed at least fourteen other TCPA cases across the country.[4] Plaintiff claims that on February 20, 2024, and March 5, 2024, respectively, he received a text message from phone number (931) 322-8799. Compl. ¶ 22.[5] The text messages were sent by someone identifying themselves as

---

KSM, ECF No. 42 (E.D. Pa. Nov. 17, 2023). After Plaintiff's counsel filed the instant Complaint, counsel for Ethos reached out to Plaintiff's counsel to discuss the case and attempt to resolve it without unnecessary motion practice. However, Plaintiff's counsel inexplicably refused to speak with Ethos's counsel until after Ethos filed its responsive pleading.

[4] Ethos reserves its right to argue, at the appropriate juncture, that Plaintiff's claims are barred for lack of Article III standing, or that Plaintiff is not a proper class representative, because Plaintiff files TCPA actions as a business or took measures to invite the text messages at issue here.

[5] Plaintiff alleges that he received these text messages on a phone number used only for residential, non-business purposes. Compl. ¶¶ 18–19. However, Plaintiff's phone number has been publicly associated with Plaintiff's commercial trucking

"Marti Watson Smith" who had "been in trucking 23 years." *Id.* The Complaint contains no allegation that the phone number (931) 322-8799 is affiliated with Ethos, nor that Ethos has any relationship of any kind with Marti Watson Smith. The first text message stated the sender "tr[ies] to get to know the new [truck line] carriers in my area" and invited Plaintiff to "[l]et me know if there's any way I can help you." *Id.* The second text message similarly stated that the sender "would love to help you get up and running" and invited Plaintiff to "[l]et me know if there's anything I can help you with." *Id.* There is no mention of life insurance in either of the texts,[6] yet Plaintiff claims the texts were an attempt to sell life insurance coverage to Plaintiff. *Id.* ¶ 23.

Plaintiff does not allege that the text messages contained any content referencing or having anything to do with Ethos or its insurance services. To the contrary, in both text messages the sender included a link to the website

---

business. If discovery confirms that Plaintiff's number is not a "residential" number, Plaintiff's TCPA claims fail as a matter of law.

[6] Moreover, running a license lookup query on the website of the Georgia Office of Insurance and Safety Fire Commissioner reflects that no one named Marti Watson Smith is licensed to sell life insurance in the state of Georgia. *See* https://www.sircon.com/ComplianceExpress/Inquiry/consumerInquiry.do (returning no matches for any license type or qualification type under the name Marti Watson Smith in the state of Georgia).

"www.truckingangel.com" below their signature. *Id.* ¶ 22. According to Plaintiff, one of the many links on that website is labeled "Instant Decision Life Insurance," and clicking on that link opens up Ethos's website. *Id.* ¶¶ 24–25. The Complaint does not allege that Ethos provided authorization for a link to its website to be placed on the www.truckingangel.com website; that Ethos has any relationship of any kind with the company The Trucking Angels or its website; that Ethos directed or authorized Marti Watson Smith to send a link to the www.truckingangel.com website to Plaintiff or other individuals; nor that Ethos authorized, directed, or even knew about the two text messages at issue.[7]

## **LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action,

---

[7] Furthermore, the Complaint does not allege any deficiencies in Ethos's policies and practices to prevent telephone solicitations. Ethos notes that its robust compliance program would serve as an affirmative defense to Plaintiff's TCPA claims, should this case proceed past the pleading stage. *See* 47 U.S.C. § 227(c)(5).

supported by mere conclusory statements" are insufficient to state a plausible claim to relief. *Id.*

Although the Court, when evaluating a motion to dismiss, must accept as true all well-pleaded factual allegations in the complaint, neither a "legal conclusion[]" nor a "legal conclusion couched as a factual allegation" is "entitled to the assumption of truth." *Id.* at 678–79. The Court likewise need not accept as true "any bald assertions or unwarranted inferences drawn from the alleged facts." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 680 (11th Cir. 2018).

Here, the Complaint's threadbare allegations fall far short of what is required to establish a plausible claim for relief against Defendant. In fact, if these allegations are not threadbare, it is difficult to imagine what would be.

## ARGUMENT

To state a claim under the TCPA, the plaintiff must allege facts to establish a basis for either direct or vicarious liability against the defendant. "[A] seller is not directly liable for a violation of the TCPA unless it initiates a call, but may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer." *In re Joint Petition Filed by Dish Network, LLC* ("*Dish*"), 28 F.C.C. Rcd. 6574, 6584 (2013); *see also Tuso v. Lennar Corp.*, 2024 WL 1239474 at *3 (S.D. Fla. Mar. 22, 2024) ("To state a claim for relief under the

TCPA, a plaintiff may proceed either on a theory of direct liability, which applies only to entities that 'initiate' the telemarketing calls, or on a theory of vicarious liability which, in the TCPA context[,] is governed by the federal common law of agency[.]" (internal citations and quotation marks omitted)).

Plaintiff's allegations fail to state a claim for either direct or vicarious liability against Ethos under the TCPA, and Plaintiff's Complaint should be dismissed.

## I.    The Complaint Fails to State a Claim of Direct TCPA Liability.

Ethos has no direct liability under the TCPA because the allegations in Plaintiff's Complaint do not show that Ethos "initiate[d]" the two text messages sent on February 20, 2024 and March 5, 2024.  *See Dish*, 28 F.C.C. Rcd. at 6584 ("a seller is not directly liable for a violation of the TCPA unless it initiates a call"). Courts routinely hold that a person or entity "initiates" a call or text only when "it takes the steps necessary to physically place" the call or text.  *Id.* at 6583.[8]  On the

---

[8] *See also, e.g.*, *Thomas v. Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) (finding no direct liability under 47 U.S.C. § 227(b)(1)(A)(iii) because Taco Bell was not "the actual sender of the text"); *Worsham v. TSS Consulting Grp., LLC*, 2023 WL 2664203, at *5 (M.D. Fla. Mar. 28, 2023) ("a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call."); *Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 135 (E.D.N.Y. 2015) (explaining that "[b]y its terms, 47 U.S.C. § 227(b)(1)(A)(iii), assigns civil liability only to the party who 'makes' a call"); *Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-02440, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) (explaining that "many of the courts that have considered [47 U.S.C. § 227(b)(1)(A)(iii)] have

other hand, "'third-party[ ]retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call' do ***not*** 'initiate a[ ] telephone call' within the meaning of the TCPA." *Gayle v. Bill Holt Auto., Inc.*, 2023 WL 6192733, at *8 (N.D. Ga. July 10, 2023) (emphasis in original) (quoting *Dish*, 28 F.C.C. Rcd. at 6583). Put simply, "the mere fact that a company produces and sells a product does not mean that it initiates telephone calls that may be made by resellers retailing that product." *Dish*, 28 F.C.C. Rcd. at 6583.

The Complaint is devoid of any facts demonstrating that Ethos "initiated," *i.e.* physically sent, the two texts at issue to Plaintiff. Indeed, Plaintiff alleges no facts whatsoever regarding any conduct by Ethos (despite naming Ethos as the sole defendant in the Complaint). To the contrary, the screenshots in the Complaint reflect that the text messages were sent by "Marti Watson Smith" and that this individual included a link to "www.truckingangel.com" below their signature. *See* Compl. ¶ 22. Plaintiff does not allege that the phone number that sent the texts or Marti Watson Smith are affiliated with Defendant. And Plaintiff's allegation that one of the links on the The Trucking Angels website includes a link to Ethos's website (Compl. ¶¶ 22, 24-25) does not show Ethos initiated the text messages. *See*

---

held that the verb 'make' imposes civil liability only on the party that places the call or text") (collecting cases).

*Gayle*, 2023 WL 6192733, at *9 (holding that a defendant "cannot be held directly liable pursuant to the TCPA solely because the texts at issue indirectly promote [the defendant's] products and services"); *Dish*, 28 FCC Rcd. at 6583 ("[T]he mere fact that a company produces and sells a product does not mean that it initiates telephone calls that may be made by resellers retailing that product."). Thus, because the text messages were sent by someone other than Ethos, Plaintiff cannot show Ethos is directly liable under the TCPA. *See Carson v. Home Depot, Inc.*, 2022 WL 2954327, at *5 (N.D. Ga. July 26, 2022) (dismissing direct liability TCPA claim when "the communications expressly came from" an entity other than the defendant).

This conclusion is not altered by Plaintiffs' conclusory allegation that "the Defendant made multiple telemarketing calls to the Plaintiff, including on February 20, 2024, and March 5, 2024." *See* Compl. ¶ 21. Because this assertion merely parrots the element of a TCPA claim requiring a defendant to make a telemarketing call (or text), without alleging ***any facts*** to show Ethos took ***any steps*** to physically send the text messages, it does not plausibly show that Ethos initiated the text messages. *See Gayle*, 2023 WL 6192733, at *9 ("While Plaintiff claims throughout the First Amended Complaint that 'Defendants' sent the text messages at issue, the facts he pleads do not plausibly support the contention that Defendant MMNA itself

was involved in sending the texts in any way.").[9]  Moreover, the Court should disregard this conclusory allegation for the additional reason that the allegations in the Complaint, discussed above, showing the texts came from a sender named "Marti Watson Smith" with a link to "www.truckingangel.com" in their signature contradict the bald assertion that Ethos sent the text messages.  *See Hall v. Sargeant*, 2019 WL 1359485, at *4 (S.D. Fla. Mar. 26, 2019) (disregarding conclusory allegation that "is contradicted by other factual allegations" in the complaint).  Plaintiff's conclusory allegation in paragraph 21 of the Complaint is insufficient to state a plausible claim of direct TCPA liability in light of the facts alleged in Plaintiff's own Complaint showing that an entity other than Ethos sent the text messages to Plaintiff.

Accordingly, Plaintiff has failed to establish direct liability under the TCPA because the Complaint itself shows that Ethos did not send the text messages to Plaintiff.

---

[9] *See also Chambers v. Nationwide Mut. Ins. Co.*, 2020 WL 2475354, at *3 (N.D. Ohio May 13, 2020) (granting defendant's motion to dismiss where the complaint "contains very few factual allegations and merely parrots the statutory elements of Plaintiffs' TCPA claim"); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *4 (N.D. Ohio Mar. 18, 2016) ("the majority of courts . . . require some additional factual allegations . . . in addition to parroting the language of the [TCPA]") (collecting cases).

**II.    The Complaint Fails to State a Claim of Vicarious TCPA Liability.**

Plaintiff likewise cannot establish vicarious liability against Ethos because the facts alleged in the Complaint are insufficient to establish any agency relationship between Ethos and the sender of the two text messages at issue.

Vicarious liability under the TCPA "is governed by the federal common law of agency." *Tuso v. Lennar Corp.*, 2024 WL 1239474 at *3 (S.D. Fla. March 22, 2024); *see also Gayle*, 2023 WL 6192733, at *6 ("Whether a principal may be held liable for an agent's torts on a theory of vicarious liability depends on whether the principal had the necessary agency relationship with the direct wrongdoer." (internal quotation marks omitted)).  Under agency principles, "[a] principal can be liable for an agent's torts only where the agent had actual or apparent authority to act for the principal or where the principal ratified the agent's conduct." *Gayle*, 2023 WL 6192733, at *6.

Plaintiff does not assert, even in a conclusory manner, that the requisite agency relationship exists between Ethos and Marti Watson Smith, or between Ethos and The Trucking Angels.  Even assuming that Plaintiff intended to pursue an agency theory in this case, the allegations in the Complaint are insufficient to establish actual authority, apparent authority, or ratification.  Thus, Plaintiff has failed to state a claim of vicarious TCPA liability against Ethos.

### A.    The Complaint Fails to Plead Facts Establishing Actual Authority.

"Actual authority . . . is created by a principal's manifestation to an agent that, as reasonably understood by the agent, expresses the principal's assent that the agent take action on the principal's behalf." *D & M Carriers LLC v. M/V Thor Spirit*, 586 F. App'x 564, 570 (11th Cir. 2014) (quoting Restatement (Third) of Agency § 2.01 (2006)).  An agency relationship based on actual authority requires "(1) the principal to acknowledge that the agent will act for it; (2) the agent to manifest an acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *Whetstone Candy Co., Inc. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1077 (11th Cir. 2003).

The third element—control—"is the fulcrum of actual authority." *Person v. Lyft, Inc.*, 542 F. Supp. 3d 1342, 1352 (N.D. Ga. 2021) (internal quotation marks omitted).  "In the TCPA context, courts have characterized the control necessary to establish agency as being control over 'the manner and means' of the agent's calling activities." *See Worsham v. TSS Consulting Grp., LLC*, 2023 WL 2664203, at *6 (M.D. Fla. Mar. 28, 2023).  Examples of allegations that may demonstrate the required degree of control include "alleging that the agent 'expressly mentioned' the defendant 'by name'; that the defendant had the authority to 'revise[]' call 'scripts' or provide feedback regarding calls; that the defendant had the authority to

'provide[] lead lists'; that the defendant was 'aware' that an autodialer was being used; and/or other facts giving rise to an inference that the defendant was 'heavily involved' in the 'sales practices and marketing procedures.'" *John v. Keller Williams Realty, Inc.*, 2020 WL 10502631, at *2 (M.D. Fla. Feb. 4, 2020) (quoting *United States v. Dish Network LLC*, 256 F. Supp. 3d 810, 922–23 (C.D. Ill. 2017)).

No such facts are pleaded here, and Plaintiff otherwise fails to allege facts supporting any of the three elements of actual authority. With respect to the first two elements, there is nothing in the Complaint, such as communications or an agreement, to show that Ethos "acknowledge[d]" or "assent[ed]" that the individual using the (931) 322-8799 phone number would send the text messages at issue to Plaintiff on behalf of Ethos, nor anything showing that this individual agreed to send the text messages to Plaintiff on behalf of Ethos. *See D & M Carriers*, 586 F. App'x at 570; *Whetstone Candy*, 351 F.3d 1077; *Gayle*, 2023 WL 6192733, at *7. Likewise, the Complaint does not allege any facts establishing that Ethos exercised control over the "manner and means" in which the individual sent the text messages. Indeed, Plaintiff fails to allege—at the most basic level—that there was any relationship between Ethos and Marti Watson Smith. The two text messages received by Plaintiff did not "expressly mention[]" Ethos "by name" (*see* Compl. ¶ 22), and Plaintiff does not claim that Ethos took any steps to direct the content or

recipients of the text messages—or even that Ethos knew about the text messages. *See Keller Williams Realty*, 2020 WL 10502631, at \*2.

The lone allegation in the Complaint that even insinuates a connection between Ethos and the text messages at issue—*i.e.*, the text messages included a link to www.truckingangel.com which includes, among other links, a link to Ethos's website (Compl. ¶¶ 22, 24–25)—falls far short of what is required to satisfy the element of control. *First,* even assuming *arguendo* that the mere inclusion of the www.truckingangel.com URL in the text messages constituted a reference to Ethos's website or Ethos's insurance services, it is well-established that a phone call or text message referencing another company does not establish agency. *See, e.g.*, *Warciak v. Subway Rests., Inc.*, 949 F.3d 354, 356 (7th Cir. 2020) (holding that a text message from T-Mobile offering a free Subway sandwich did not establish that T-Mobile was Subway's agent).[10]   As the Seventh Circuit has put it, "every bar which advertises that they sell a particular brand of beer is not the agent of the brewery whose name

---

[10] *See also, e.g.*, *Clemons v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 4193997, at \*4 (C.D. Ill. July 21, 2022) (allegations that "callers invoked the State Farm brand" were not sufficient to establish actual authority); *Rogers v. Postmates Inc.*, 2020 WL 3869191, at \*1 (N.D. Cal. July 9, 2020) (text message sent by Bird Dog to recruit delivery drivers for Postmates did not establish that Bird Dog was Postmates's agent); *In re Monitronics Int'l, Inc.*, 223 F. Supp. 3d 514, 527 (N.D.W. Va. 2016) ("the fact that [callers] were permitted to hold themselves out as [the defendants'] authorized dealers . . . is insufficient" to hold the defendants vicariously liable).

they advertise." *Leon v. Caterpillar Indus., Inc.*, 69 F.3d 1326, 1336 (7th Cir. 1995). Thus, the indirect link-within-a-link reference to Ethos's website does not show control by Ethos.

*Second,* even assuming *arguendo* that including a link to the www.truckingangel.com website in the text messages, which in turn included a link on the The Trucking Angels landing page to Ethos's website, supported an inference of some sort of contractual relationship between Ethos and the sender of the text messages (which it plainly does not), courts have held that contracting with a third-party, without more, does not establish control. *See, e.g.*, *Warciak*, 949 F.3d at 357 (explaining that "[w]hile an agency relationship can be created by contract, not all contractual relationships form an agency").[11] Here, Plaintiff has failed to allege any facts about the nature or scope of any relationship between Ethos and the sender of

---

[11] *Rogers*, 2020 WL 3869191, at *5 ("an allegation of a beneficial contractual relationship alone is insufficient to establish agency") (internal quotations omitted); *Clemons*, 2020 WL 4193997, at *4 (allegation that State Farm contracted with telemarketers to contact customers failed to establish control over the calls); *Cooley v. Freedom Forever, LLC*, 2019 WL 8126847, at *3 (D. Nev. Nov. 25, 2019) (allegation that Freedom Forever "hired" Universal Energy was insufficient because "even assuming the existence of a contractual relationship, plaintiff fails to allege . . . Freedom Forever exercised the necessary control"); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (allegation that CCL "retained the services" of telemarketers were insufficient to establish that CCL had the power to give interim instructions or exercised control); *Jackson*, 88 F. Supp. 3d at 138 (the existence of a contract was not sufficient to establish control).

the text messages, or even that Ethos authorized or knew about a link to its website being featured on the www.truckingangel.com website. Plaintiff's bare, indirect insinuation of an unspecified relationship does not establish control by Ethos.

In sum, the Complaint lacks any facts to support a finding of an agency relationship based on actual authority. Instead, the allegations in the Complaint reflect that, at most, someone not related to Ethos sent two text messages to Plaintiff without Ethos's knowledge or authorization and not subject to Ethos's control.

## B.    The Complaint Fails to Plead Facts Establishing Apparent Authority.

Apparent authority arises from "a principal's manifestation of an agent's authority to a third party." *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 230 (4th Cir. 1996). An agency relationship based on apparent authority requires (1) "a representation by the principal to the plaintiff," which (2) "causes the plaintiff reasonably to believe that the alleged agent is authorized to act for the principal's benefit," and which (3) "induces the plaintiff's detrimental, justifiable reliance upon appearance of agency." *See Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1252 (11th Cir. 2014). The "essential element" of apparent authority is that there "must be some form of communication, direct or indirect, by the principal, which instills a reasonable belief in the mind of the third party" that "another individual is an agent of the principal." *In re Monitronics Int'l, Inc.*, 223 F. Supp.

3d at 523. Accordingly, "an agent's statements that he has such authority cannot, without more, entitle a third party to rely on his agency." *Auvil*, 92 F.3d at 230.

Plaintiff cannot satisfy the requirements for apparent authority because the Complaint does not allege a single communication or other manifestation by Ethos to Plaintiff, let alone one that would reasonably suggest that the sender of the two text messages was acting as Ethos's agent. Plaintiff alleges only that he received two text messages from someone claiming to be named Marti Watson Smith and that he viewed the website of www.truckingangel.com. Putting aside the fact that neither the texts nor the website included content reasonably suggesting an agency relationship with Ethos, neither of those sources was a manifestation **by Ethos**. "It is hornbook law that [the purported agent] cannot deem himself [the principal]'s apparent agent without any manifestation coming from [the principal]." *Sing Fuels Pte Ltd. v. M/V Lila Shanghai*, 39 F.4th 263, 277 (4th Cir. 2022) (internal citations omitted). And courts routinely reject claims of apparent agency when the plaintiff relies solely on representations by the alleged agent.[12] Accordingly, the allegations in the Complaint provide no basis for a claim of apparent authority.

---

[12] *See, e.g.*, *Warciak*, 949 F.3d at 357 (T-Mobile text message referencing Subway did not establish apparent authority because there was no manifestation by Subway); *Rogers*, 2020 WL 3869191, at *6 (Bird Dog text message referencing Postmates and providing a link to Postmates' website did not establish apparent authority because there was no manifestation by Postmates); *Clemons*, 2020 WL 4193997, at *5

### C.    The Complaint Fails to Plead Facts Establishing Ratification.

In the absence of actual or apparent authority, the sole remaining basis for vicarious liability under agency principles is ratification.  A principal ratifies an agent's act by "manifesting assent that the act shall affect the [principal's] legal relations, or" by engaging in "conduct that justifies a reasonable assumption that the [principal] so consents."  *GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017) (quoting Restatement (Third) of Agency § 4.01).  In other words, "ratification requires the principal to either manifest assent to the agent's acts or engage in 'conduct that could be explained only by the principal's agreement to be bound by the agent's act.'"  *Gayle*, 2023 WL 6192733, at *7 (quoting *GDG Acquisitions*, 849 F.3d at 1309).  The principal's failure to act constitutes ratification only if the principal "knowingly accepts the benefits of such conduct."  *See id.*; *see also* Restatement (Third) of Agency § 4.01 cmt. g ("A person may ratify an act . . .

---

(telemarketer's call referencing State Farm did not establish apparent authority because there was no manifestation by State Farm); *Cunningham*, 2018 WL 835222, at *6 (telemarketers' reference to products of the defendants and sending paperwork featuring the defendants' names did not establish apparent authority because there was no manifestation by the defendants); *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 778 (N.D. Ill. 2014) (holding that the plaintiff's apparent authority theory failed because the plaintiff had no communications with the alleged principal).

by receiving or retaining benefits it generates if the person has knowledge of material facts and no independent claim to the benefit.").

Plaintiff cannot meet the requirements for ratification for similar reasons already discussed. The Complaint ***does not allege any*** manifestations or conduct by Ethos; thus, there is no basis to find that Ethos "manifested assent" to the sending of the two text messages by another individual. *See GDG Acquisitions*, 849 F.3d at 1308. In addition, Plaintiff alleges no facts to show that Ethos even knew about the text messages. Without a demonstration of knowledge of the conduct at issue, there is no basis to find ratification by Ethos, even if Ethos somehow indirectly benefitted from the conduct. *See Gayle*, 2023 WL 6192733, at *8 (holding that "a principal's receipt of a benefit from an alleged agent's actions is insufficient to establish ratification without the principal's specific knowledge of the conduct it is benefitting from" and rejecting ratification argument on the ground that "Plaintiff fails to allege any facts suggesting that Defendant MMNA knew about the texts at issue in this case" (citing *GDG Acquisitions* LLC, 849 F.3d at 1309)).

Accordingly, the Complaint alleges no facts to show that Ethos is subject to vicarious liability by ratifying the conduct at issue.

### III.    The Complaint Fails to Name Required Party The Trucking Angels.

As an additional matter, Plaintiff has failed to join The Trucking Angels, which is a required party under Federal Rule of Civil Procedure 19.  Rule 19 provides that a person shall be joined as a party in the action if, among other reasons, the absence of the person will (i) "impair or impede the person's ability to protect" its interest relating to the action or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."  Fed. R. Civ. P. 19(a)(2).  When a nonparty should be joined under Rule 19(a) and joinder is feasible, "the Court must order that person to be made a party."  *Helix Inv. Mgmt., LP v. Privilege Direct Corp.*, 364 F. Supp. 3d 1343, 1350 (M.D. Fla. 2019).

The allegations in the Complaint demonstrate that The Trucking Angels is a required party that must be joined under Rule 19(a).  *First*, the absence of The Trucking Angels will "impair or impede" Ethos's "ability to protect" its interest relating to the action.  Fed. R. Civ. P. 19(a)(2)(i).  As explained above, the facts alleged by Plaintiff show that an individual affiliated with The Trucking Angels, not Ethos, sent the two text messages at issue to Plaintiff.  In other cases involving TCPA claims, courts have held that "the entity that actually placed the call was a required party because proceeding without it would impede its ability to protect its interest in

22

the case since resolution of the case in favor of the plaintiff would require finding that the non-party entity's actions were unlawful." *See, e.g.*, *Cooley v. First Data Merch. Servs., LLC*, 2020 WL 13526633, at *2 (N.D. Ga. Feb. 7, 2020) (citing *Stark v. Stall*, 2019 WL 3718878 (S.D. Cal. Aug. 7, 2019)). *Second*, disposing of this action without joining The Trucking Angels would subject Ethos to a substantial risk of an inconsistent or duplicative obligations of liability. Fed. R. Civ. P. 19(a)(2)(ii). As a court in this district explained in another TCPA case, if the entity that initiated the calls is not joined to the case, Plaintiff "may commence this same action against [the non-party] in subsequent litigation, leading to a possibility of conflicting judgments and inconsistent obligations as to [the named defendant]." *See Cooley*, 2020 WL 13526633, at *3.

"If a court determines that an absent person satisfies the Rule 19(a) criteria, he must be joined if his joinder is feasible." *Id.* Here, Plaintiff has provided no reason for its decision not to name The Trucking Angels as a defendant, despite the fact that the Complaint indicates it was the entity that sent the text messages at issue. Nor is there any apparent jurisdictional or other reason why joinder of The Trucking Angels would not be feasible.

In sum, because the Complaint makes clear that it was The Trucking Angels, and not Ethos, who sent the text messages to Plaintiff, and because joinder of The

Trucking Angels is feasible, the Court should order Plaintiff to replead his allegations naming The Trucking Angels as a required party.  If Plaintiff is unable to join The Trucking Angels to this action, his failure to do so would constitute an additional basis for dismissal under Rules 12(b)(7) and 19.  *See Helix Inv. Mgmt.*, 364 F. Supp. 3d at 1350; *Cooley*, 2020 WL 13526633, at *3.

## **CONCLUSION**

For these reasons, Ethos requests that this Court grant its Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) and Rule 12(b)(7) and dismiss Plaintiff's Complaint.

This the 12th day of June, 2024.

**MCGUIREWOODS LLP**

*/s/ M. Laughlin Allen*
M. Laughlin Allen, Esq.
Georgia Bar No. 901999
1075 Peachtree Street, N.E
35th Floor
Atlanta, GA 30309-3900
Telephone:  (404) 443-5738
Facsimile:  (404) 443-5773
mlallen@mcguirewoods.com

Sarah A. Zielinski, Esq. (*pro hac vice forthcoming*)
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8288

Facsimile: (312) 849-3690
szielinski@mcguirewoods.com

*Counsel for the Defendant*
*Ethos Technologies Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JOSEPH BOND, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:24-CV-01440-ELR |
| v. | ) ) | |
| ETHOS TECHNOLOGIES, INC., | ) ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**
**AND COMPLIANCE WITH LOCAL RULE 5.1B**

I certify that on June 12, 2024, I electronically filed the foregoing *Ethos Technologies Inc.'s Motion to Dismiss Plaintiff's Complaint* and *Memorandum of Law in Support Thereof* with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

**Steven Howard Koval**
Steve@KovalFirm.com

**Anthony Paronich**
Anthony@paronichlaw.com

26

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ M. Laughlin Allen
M. Laughlin Allen, Esq.
Georgia Bar No. 901999
McGuireWoods LLP
1075 Peachtree Street, N.E.
35th Floor
Atlanta, Georgia 30309-3900
Telephone:   (404) 443-5738
Facsimile:   (404) 443-5773
mlallen@mcguirewoods.com

Sarah A. Zielinski, Esq. (*pro hac vice forthcoming*)
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Telephone: (312) 849-8288
Facsimile: (312) 849-3690
szielinski@mcguirewoods.com

*Counsel for the Defendant Ethos Technologies Inc.*

189558299_1